**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**DANIEL V. ESTRADA,**

        **Petitioner,**

  v.              **CASE NO. 19-3046-SAC**

**STATE OF KANSAS,**

        **Respondent.**

## NOTICE AND ORDER TO SHOW CAUSE

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2254. Petitioner proceeds pro se, and his fee status is pending[1].

The Court has conducted an initial review of the petition as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons that follow, the Court directs petitioner to show cause why this matter should not be dismissed.

### Background

Petitioner was convicted in the District Court of Sedgwick County. In Case No. 07CR1078, he pled guilty to four counts of electronic solicitation. Each count involved a different victim. As part of the plea agreement, the State agreed to recommend a mid-range sentence, to recommend concurrent sentences, and not to oppose a defense request for a dispositional departure to probation. Following the sentencing hearing in July 2008, the district court imposed a

---

[1] On March 18, 2019, the Clerk of the Court entered a notice directing petitioner to pay the $5.00 filing fee or submit a motion for leave to proceed in forma pauperis on or before April 17, 2019. The petitioner has not corrected that deficiency.

sentence of 233 months but granted probation.

In August 2009, however, due to petitioner's commission of new crimes, the district court revoked probation, ordered him to serve the sentence in 07CR1078, and imposed a 90-day consecutive sentence for the new conviction of driving under the influence (DUI).

Petitioner filed a direct appeal, in which he challenged the imposition of lifetime postrelease supervision as part of the sentence in the electronic solicitation case and the decision in the new criminal case to impose a fine for his fourth DUI conviction. The Kansas Court of Appeals (KCOA) overturned the term of lifetime supervision but affirmed the fine. *State v. Estrada*, 261 P.3d 979 (Table), 2011 WL 5027092 (Kan. App. Oct. 21, 2011).

Petitioner then addressed a series of letters to the district court. A letter sent in June 2012 was construed as a motion to withdraw plea and was denied as untimely. Another, sent in October 2014, alleged that the State lacked evidence to support the conviction of electronic solicitation of N.H., which was charged as Count 1 (Count 1). In June 2015, petitioner filed a motion to correct illegal sentence presenting the same claim of insufficient evidence, but now asserting that his counsel provided ineffective assistance by coercing him to accept the plea deal despite the lack of evidence. The district court summarily denied that motion on the ground that petitioner could not present a collateral attack on his conviction by a motion to correct illegal sentence.

On September 28, 2015, petitioner filed a state post-conviction action under K.S.A. 60-1507. In that action, he alleged (1) ineffective assistance arising from counsel's allegedly coercive tactics despite the lack of evidence for Count 1; (2) collusion between

defense counsel and the prosecutor concerning the lack of evidence; (3) error by the trial court in convicting petitioner of Count 1; and (4) ineffective assistance by his appellate counsel for failure to present the issue concerning Count 1. The district court summarily denied the action, finding that petitioner had failed to timely present the action under K.S.A. 60-1507 and did not establish either manifest injustice or exceptional circumstances to excuse the late filing[2].

On appeal, petitioner argued the district court erred in failing to hold an evidentiary hearing. The KCOA affirmed, finding that petitioner failed to timely file the 1507 action and failed to show that manifest injustice required consideration of his claims despite his late filing. *Estrada v. State*, 399 P.3d 880 (Table), 2017 WL 3321423 *4 (Kan. App. Aug. 4, 2017)("Estrada failed to file his 1507 motion within 1 year after appellate jurisdiction terminated in his case, and he has failed to establish that consideration of his untimely motion is necessary to prevent a manifest injustice"), *rev. denied*, Aug. 30, 2018.

### The petition

Petitioner filed this action on March 18, 2019. The petition presents four claims: (1) petitioner received ineffective assistance from his trial defense counsel, and review out of time is necessary due to exceptional circumstances and manifest injustice; (2) prosecutorial misconduct denied petitioner due process and other constitutional rights; (3) the trial court erred in convicting

---

[2] A party proceeding under K.S.A. 60-1507 must file under that section within one year of the termination of appellate jurisdiction in his case. K.S.A. 60-1507(f)(1). This limitation period can be extended only to prevent manifest injustice. K.S.A. 60-1507(f)(2). Manifest injustice arises when an outcome is "obviously unfair" or "shocking to the conscience." *Toney v. State*, 187 P.3d 122 (Kan. App. 2008).

petitioner of Count 1; and (4) petitioner received ineffective assistance from his appellate counsel due to the failure to present claims other than a challenge to the sentencing provision of lifetime postrelease supervision.

**Analysis**

A federal court cannot grant habeas corpus relief unless the petitioner has exhausted his state court remedies by presenting substantially the same claims to the state courts. *See* 28 U.S.C. §2254(b)(1)(A). This requires a petitioner to present the claims in "each appropriate state court … thereby alerting that court to the federal nature of the claim" and allowing the state courts the "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004)(internal quotation marks omitted).

Where a petitioner's claims have been rejected in the state courts on a state procedural rule rather than on their merits, and where the state court "clearly and unequivocally" applied an "independent" and "adequate" procedural bar, the petitioner's claims are deemed exhausted – because there is no available state court remedy – but barred by the petitioner's procedural default. A federal court may "not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998).

In this context, a rule is independent if it "is separate and distinct from federal law" and adequate if it is "'strictly or regularly followed' and applied 'evenhandedly to all similar

claims.'" *Duvall v. Reynolds*, 139 F.3d 768, 796-97 (10th Cir. 1998)(quoting *Hathorn v. Lovorn*, 457 U.S. 255, 263 (1982)).

Here, the KCOA relied upon the state statute that sets the time limitation for bringing an action for post-conviction relief. That provision establishes an independent and adequate state procedural bar. Accordingly, petitioner must show cause and prejudice or some fundamental miscarriage of justice to avoid a procedural bar. *Wood v. Milyard*, 721 F.3d 1190, 1192 (10th Cir. 2013).

The KCOA concluded that petitioner had not shown grounds to avoid the procedural bar. It noted there was evidentiary support for Count 1, quoting the prosecutor's statement at the plea hearing:

> As to Count One, he clearly knew how old the victim was; it was his stepdaughter. However, as [defense counsel] well knows, the chats themselves, with regard to that child, had been – she had deleted them, so we didn't have any actual evidence of what was said. We would have had to put the child on the stand to report these details to either a judge or a jury, and that's not something [petitioner] wanted to do."

*Estrada v. State*, 2017 WL 3321423 *4.

After examining the record, the Court agrees that petitioner's claims are procedurally barred and that petitioner has not shown manifest injustice to overcome that bar. Although Count 1 was not supported by documentary evidence, petitioner was aware that the prosecution was prepared to call the victim as a witness to establish that he solicited her by e-mail. *Id*. Because the prosecution could have produced testimonial evidence at trial, petitioner's claim that his conviction on Count 1 lacked evidentiary support is without merit.

**Order to Show Cause**

Due to petitioner's failure to timely commence the action under K.S.A. 60-1507 and because the petitioner has not shown cause and prejudice or manifest injustice to excuse the procedural bar, the Court is considering the dismissal of this action. Petitioner is directed to show cause on or before June 20, 2019, why this matter should not be dismissed. The failure to file a timely response may result in the dismissal of this matter without additional notice.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner is directed to show cause as directed on or before **June 20, 2019**.

IT IS FURTHER ORDERED that petitioner is directed to submit the $5.00 filing fee or a motion to proceed in forma paupers on or before **June 20, 2019**.

**IT IS SO ORDERED.**

DATED: This 20th day of May, 2019, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge